**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Qwest Communications Corporation, a Delaware corporation; Qwest Corporation, a Delaware corporation; Yahoo! Inc., a Delaware corporation; Panasonic Corporation of North America, a Delaware corporation; Ribbit Corporation, a Delaware corporation; SpinVox Limited, an English corporation; and ooma, Inc., a Delaware corporation; Avaya, Inc., a Delaware corporation; Cisco Systems, Inc., a California corporation,<br><br>    Defendants. | CASE NO.  6:09cv232<br><br>**Amended Complaint for Patent Infringement**<br>**(U.S. Patent Nos. 5,572,576 and 5,283,818);**<br><br>**Demand for Jury Trial.** |

   Plaintiff Klausner Technologies, Inc. ("Klausner Technologies") sues Defendants Qwest Communications Corporation, Qwest Corporation, Yahoo! Inc., Panasonic Corporation of North America, Ribbit Corporation, SpinVox Limited, ooma, Inc., Avaya, Inc., and Cisco Systems, Inc. ("Defendants") and on information and belief, alleges as follows:

   **Introduction**

   1. Plaintiff Klausner Technologies owns the inventions described and claimed in United States Patent Nos. 5,572,576 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the "'576 Patent") and 5,283,818 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the

1

"'818 Patent"). Defendants (a) have used and continue to use Plaintiff's patented technology in products that they make, use, sell, and offer to sell, without Plaintiff's permission, and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the '576 and '818 Patents. Plaintiff Klausner Technologies seeks damages for patent infringements and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1338(a).

3. Venue is proper in this Court because the Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

### Plaintiff Klausner Technologies

4. Plaintiff Klausner Technologies, Inc. is a corporation existing under and by virtue of the laws of the State of New York.

### The '576 Patent

5. The United States Patent and Trademark Office issued the '576 Patent on November 5, 1996. A copy of the '576 Patent is attached as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '576 Patent.

**The '818 Patent**

6.     The United States Patent and Trademark Office issued the '818 Patent on February 1, 1994.  A copy of the '818 Patent is attached as Exhibit B.  Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '818 Patent.

**Defendants**

*Qwest*

7.     Upon information and belief, Qwest Corporation is a Delaware corporation having its principal place of business in Denver, Colorado ("Qwest Corporation").

8.     Upon information and belief, Qwest Communications Corporation is a Delaware corporation having its principal place of business in Denver, Colorado ("Qwest Communications").

*Yahoo*

9.     Upon information and belief, Yahoo! Inc. is a Delaware corporation with its principal place of business in Sunnyvale, California ("Yahoo").

*Panasonic*

10.    Upon information and belief, Panasonic Corporation of North America is a Delaware corporation having its principal place of business in Secaucus, New Jersey ("Panasonic").

*Ribbit Corporation*

11.    Upon information and belief, Ribbit Corporation is a Delaware corporation having its principal place of business in Mountain View, California ("Ribbit").

*SpinVox*

12.    Upon information and belief, SpinVox Limited is an English corporation with its principal place of business in England ("SpinVox").

### *ooma*

13.     Upon information and belief, ooma, Inc. is a Delaware corporation with its principal place of business in Palo Alto, California ("ooma").

### *Avaya, Inc.*

14.     Upon information and belief, Avaya, Inc. is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey ("Avaya").

### *Cisco Systems, Inc.*

15.     Upon information and belief, Cisco Systems, Inc. is a California corporation having its principal place of business in San Jose, California ("Cisco").

### **First Claim for Patent Infringement ('576 Patent)**
### **Against All Defendants**

16.     On or about November 5, 1996, the '576 Patent, disclosing and claiming a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," was duly and legally issued by the United States Patent and Trademark Office.

17.     Plaintiff Klausner Technologies is the owner of the '576 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

18.     Defendants have infringed, contributed to the infringement, and induced others to infringe the '576 Patent and, unless enjoined, will continue to infringe the '576 Patent by manufacturing, using, selling, offering for sale, or by using the method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods(s) without a license or permission from Plaintiff.

19.     Plaintiff has been damaged by Defendants' infringement of the '576 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '576 Patent.

**Second Claim for Patent Infringement ('818 Patent)**
**Against Defendants Qwest Corporation, Quest Communications, Yahoo, Panasonic, Ribbit, and ooma**

20. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 19 above.

21. On or about February 1, 1994, the '818 Patent, disclosing and claiming a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," was duly and legally issued by the United States Patent and Trademark Office.

22. Plaintiff Klausner Technologies is the owner of the '818 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

23. Defendants Qwest Corporation, Quest Communications, Yahoo, Panasonic, Ribbit, and ooma have infringed, contributed to the infringement, and induced others to infringe the '818 Patent and, unless enjoined, will continue to infringe the '818 Patent by manufacturing, using, selling, offering for sale, or by using the method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods(s) without a license or permission from Plaintiff.

24. Plaintiff has been damaged by Defendants' infringement of the '818 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '818 Patent.

25. Plaintiff demands trial by jury of all issues.

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '576 and '818 Patents;

  B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '576 and '818 Patents;

  C. For costs of suit and attorneys fees;

  D. For pre-judgment interest; and

  E. For such other relief as justice requires.

Dated:  August 13, 2009        Respectfully submitted,


By: _____/s/ Johnny Ward_____
  T. John Ward, Jr.
  State Bar No. 00798108
  Ward & Smith Law Firm
  11 W. Tyler St.
  Longview, Texas 75601
  Telephone:  (903) 757-6400
  Facsimile:  (903) 757-2323
  Email:  jw@jwfirm.com

  Eric M. Albritton
  Texas Bar No. 00790215
  ALBRITTON LAW FIRM
  P.O. Box 2649
  Longview, Texas 75606
  Telephone: (903) 757-8449
  Facsimile: (903) 758-7397
  ema@emafirm.com

  Gregory S. Dovel
  State Bar No. 135387
  Sean A. Luner
  State Bar No. 165443
  Dovel & Luner, LLP
  201 Santa Monica Blvd., Suite 600
  Santa Monica, CA 90401
  Telephone:  310-656-7066
  Facsimile:  310-657-7069
  Email:  greg@dovellaw.com

  ATTORNEYS FOR PLAINTIFF,
  KLAUSNER TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 13th day of August, 2009.

_____
T. John Ward, Jr.