IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> QWEST COMMUNICATIONS CORPORATION; QWEST CORPORATION; YAHOO! INC.; PANASONIC CORPORATION OF NORTH AMERICA; RIBBIT CORPORATION; SPIN VOX LIMITED; OOMA, INC.; AVAYA, INC.; and CISCO SYSTEMS, INC, <br><br> *Defendants*. | CIVIL ACTION NO. 6:09-cv-00232-LED <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT CISCO SYSTEMS, INC.'S ANSWER, DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Cisco Systems, Inc. ("Cisco"), hereby sets forth its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Klausner Technologies, Inc.'s ("Klausner") Amended Complaint for Patent Infringement ("Complaint") as follows:

**ANSWER**

Responding to the individually enumerated paragraphs of the Complaint, Cisco states as follows:

**Introduction**

1.      Cisco admits that U.S. Patent No. 5,572,576 ("'576 patent") is titled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" and that U.S. Patent No. 5,283,818 (the "'818 patent") is titled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message." Cisco asserts that asserts that the '576 and '818 patents speak for themselves and that the allegations concerning what the '576 and '818 patents state require no

further response.  As to Cisco only, Cisco denies that it has "used and continue to use Plaintiff's patented technology in products that [Cisco] make[s], use[s], sell[s], and offer[s] to sell, without Plaintiff's permission, and (b) ha[s] contributed to or induced, and continue[s] to contribute to or induce, others to infringe the '576 and '818 Patents."  Except as expressly admitted or denied, Cisco is without sufficient information or knowledge to admit or deny the allegations of paragraph 1 of the Complaint, and therefore, denies them.

## Jurisdiction and Venue

2. Cisco admits that, on its face, the Complaint is an action by Klausner for patent infringement, but Cisco denies infringement and the legal sufficiency of Klausner's claims and allegations in support thereof.  Cisco admits that the Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. § 1338(a).  Cisco denies any remaining allegations of paragraph 2 of the Complaint.

3. Cisco denies the allegations of paragraph 3.

## Plaintiff Klausner Technologies

4. Cisco lacks sufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

## The '576 Patent

5. Cisco admits that what appears to be a copy of the '576 patent is attached to the Complaint.  Cisco asserts that the '576 patent speaks for itself and that the allegations concerning what the '576 patent states require no further response.  Except as expressly admitted or denied, Cisco is without sufficient information or knowledge to admit or deny the allegations of paragraph 5 of the Complaint, and therefore, denies them.

**The '818 Patent**

6. Cisco admits that what appears to be a copy of the '818 patent is attached to the Complaint. Cisco asserts that the '818 patent speaks for itself and that the allegations concerning what the '818 patent states require no further response. Except as expressly admitted or denied, Cisco is without sufficient information or knowledge to admit or deny the allegations of paragraph 6 of the Complaint, and therefore, denies them.

**Defendants**

7. Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8. Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9. Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10. Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11. Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12. Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis denies them.

13. Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis denies them.

14. Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies them.

15. Cisco admits the allegations of paragraph 15.

**First Claim for Purported Patent Infringement ('576 Patent) Against All Defendants**

16.     Cisco asserts that asserts that the '576 patent speaks for itself and that the allegations concerning what the '576 patent states require no further response.  Cisco denies that the '576 patent was "duly and legally issued by the United States Patent and Trademark Office."  Cisco lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies those allegations.

17.     Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18.     As to Cisco only, Cisco denies the allegations of paragraph 18.  Cisco lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies those remaining allegations.

19.     As to Cisco only, Cisco denies the allegations of paragraph 19.  Cisco lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 19 and therefore denies those remaining allegations.

**Second Claim for Purported Patent Infringement ('818 Patent) Against Defendants Qwest Corporation, Quest Communications, Yahoo, Panasonic, Ribbit, and ooma**

20.     Cisco repeats and incorporates herein by reference each of its responses to the allegations set forth in paragraphs 1-19 of the Complaint.

21.     Cisco asserts that the '818 patent speaks for itself and that the allegations concerning what the '818 patent states require no further response.  Cisco lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 21 and therefore denies those allegations.

22.     Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies them.

23.     Cisco lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies them.

24.     As to Cisco only, Cisco denies the allegations of paragraph 24.  Cisco lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies those remaining allegations.

25.     Cisco admits that Plaintiff has demanded a jury trial.

## General Denial

Except as specifically admitted, Cisco denies each and every allegation contained in Paragraphs 1-25 of the Complaint and denies that Klausner is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that any of the following necessarily must be pled as an affirmative defense or that Cisco necessarily bears the burden of persuasion for any of the following, Cisco asserts the following defenses to Klausner's Complaint:

### First Affirmative Defense
### (Non-Infringement)

Cisco does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '576 patent or '818 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense
### (Invalidity)

One or more asserted claims of the '576 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation § § 101, 102, 103, and 112.

### Third Affirmative Defense
### (Prosecution History Estoppel)

By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution of the applications that matured into the '576 and '818 patents, and related patents, as illustrated by their prosecution histories, Klausner is estopped from asserting that Cisco has infringed directly or indirectly, any claim of any of the '576 patent, either literally or under the doctrine of equivalents.

### Fourth Affirmative Defense
### (Waiver, Laches, Estoppel)

Upon information and belief, Klausner's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

### Fifth Affirmative Defense
### (Failure to State a Claim)

Klausner's Complaint fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense
### (Limitation on Damages)

Upon information and belief, Klausner's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

### Sixth Affirmative Defense
### (Time Limitation on Damages)

Klausner's patent infringement claims are barred, at least in part, by the statute of limitations, 35 U.S.C. § 286.

### Seventh Affirmative Defense
### (Asserting Invalid Claim)

Klausner is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### COUNTERCLAIMS

Cisco hereby asserts the following counterclaims against Klausner:

## General Allegations and Parties

26. Cisco is a California corporation, with its principal place of business located at 170 West Tasman Drive, San Jose, California 95134.

27. Klausner states that it is a corporation existing under and by virtue of the laws of the State of New York.

28. These counterclaims for declaratory judgments of invalidity and non-infringement of the '576 patent arise under the Federal Declaratory Judgment Act, 28 U.S.C. § § 2201 and 2202, and the Patent Act of the United States, 35 U.S.C. § 101 *et seq.*, including but not limited to § § 102 and 103. This Court has subject matter jurisdiction under 28 U.S.C. § § 1331 and 1338.

29. Klausner has submitted to personal jurisdiction of this Court by, *inter alia*, bringing the present action.

30. Subject to Cisco's affirmative defenses and denials, venue over these counterclaims may be proper in this District Court pursuant to 28 U.S.C. § § 1391 and 1400(b) because, *inter alia*, Klausner brought its Complaint for infringement of the '576 and '818 patents in this Court, but venue would be clearly more convenient in a California district, and Cisco reserves all rights to move for dismissal and/or transfer for improper venue of the underlying action irrespective of the allegations in this paragraph.

31. An actual case or controversy between the parties exists because (a) Klausner alleges to be the owner of all right, title, and interest in and to the '576 patent, (b) Klausner has alleged and is alleging infringement of the '576 patent by Cisco, and (c) Cisco denies those assertions.

## COUNT I
**(Declaratory Judgment of Non-infringement)**

32. Cisco repeats and re-alleges the allegations and averments set forth in paragraphs 26 through 31 of these Counterclaims.

33. An actual and justiciable controversy exists between Cisco and Klausner as to the non-infringement of the '576 patent, as evidenced by Klausner's Complaint and Cisco's Answer and Defenses to that Complaint, as set forth above. Absent a declaration of non-infringement, Klausner will continue to wrongfully allege infringement of the '576 patent against Cisco, and thereby cause Cisco irreparable injury and damage.

34. Cisco has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 patent, and Cisco is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Cisco has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of '576 patent.

## COUNT II
**(Declaratory Judgment of Invalidity)**

35. Cisco repeats and re-alleges the allegations and averments set forth in paragraphs 26 through 31 of these Counterclaims.

36. An actual and justiciable controversy exists between Cisco and Klausner as to the invalidity of the claims of the '576 patent, as evidenced by Klausner's Complaint and Cisco's Answer and Defenses to that Complaint, as set forth above. Absent a declaration of non-infringement, Klausner will continue to wrongfully allege infringement of the '576 patent against Cisco, and thereby cause Cisco irreparable injury and damage.

37. One or more of the claims of the '576 patent is invalid for failure to comply with the requirements of 35 U.S.C. § § 1, et seq., including without limitation § § 101, 102, 103,

and/or 112, and Cisco is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the '576 patent are invalid.

## DEMAND FOR JURY TRIAL

Cisco hereby demands trial by jury for all issues so triable in connection with both Klausner's Complaint and Cisco's Defenses and Counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE**, Cisco prays for judgment for a declaration and judgment against Plaintiff and Counterclaim Defendant Klausner as follows:

A.   that Cisco has not infringed and is not infringing any valid claim of the '576 patent, directly or indirectly, either literally or under the doctrine of equivalents;

B.   that the '576 patent is invalid and/or unenforceable;

D.   that Klausner's Complaint be dismissed with prejudice;

F.   that Klausner be denied any and all relief it has requested and take nothing from its Complaint;

G.   that the Court find that this case is an exceptional case under 35 U.S.C. § 285, and that Klausner be required to pay costs of suit that Cisco has incurred, including attorneys' fees, expenses, and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

H.   that Cisco be awarded such other and further relief as the Court may deem just and appropriate.

Dated: October 19, 2009                Respectfully submitted,

/s/Christopher O. Green
Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
efindlay@findlaycraft.com

Ruffin B. Cordell
Texas Bar No. 04820550
FISH & RICHARDSON, P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: (202) 783-5070
cordell@fr.com

Christopher O. Green
Georgia Bar No. 037617
FISH & RICHARDSON, P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 724-2777
cgreen@fr.com

Of Counsel:
Katherine Kelly Lutton (*pro hac vice* pending)
California Bar No. 194971
FISH & RICHARDSON, P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
lutton@fr.com

Noah C. Graubart (*pro hac vice* pending)
Georgia Bar No. 141862
FISH & RICHARDSON, P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 724-2820
graubart@fr.com

**ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.**

- 11 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 19th day of October, 2009.

/s/Christopher O. Green
Christopher O. Green