**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC.,<br>a New York corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>QWEST COMMUNICATIONS CORP.;<br>QWEST CORP.; YAHOO! INC.,<br>PANASONIC CORP. OF NORTH<br>AMERICA; AVAYA, INC.; and CISCO<br>SYSTEMS, INC.,<br>        Defendants. | Civil Action No. 6:09-CV-00232-LED |

## DISCOVERY ORDER

       After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1.     **Disclosures.**  By the date provided in the Docket Control Order, and without awaiting a discovery request, each party shall disclose to every other party the following information:

        A.     the correct names of the parties to the lawsuit;

        B.     the name, address, and telephone number of any potential parties;

        C.     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

        D.     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

        E.     any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

1

F.      following the entry of a Protective Order in this action, any settlement agreements relevant to the subject matter of this action;

G.      any statement of any party to the litigation.

2.      **Additional Disclosures.**  Each party shall provide to every other party the following information:

   A.      the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

   B.      to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1] and following the entry of a Protective Order in this action, by the date provided in the Court's Docket Control Order and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

   C.      by the date provided in the Docket Control Order, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.      **Testifying Experts.**  Each side is limited to five testifying expert witnesses. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

   A.      The expert's name, address, and telephone number;

   B.      The subject matter on which the expert will testify;

   C.      A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);

---

[1] The Patent Rules are Appendix M to the Local Rules 2 which are available on the Court's website at www.txed.uscourts.gov.

     D.     If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;

     E.     If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

          (1)     all documents, tangible things, reports, models, or data compilations that have been relied upon by the expert in forming the opinions in the final report, with non-final drafts of expert reports, work papers, and written or oral communications not relied on by the expert being non-discoverable; and

          (2)     the expert's current resume and bibliography.

4.    **Discovery Limitations.**  Discovery is limited in this cause to the disclosures described in Paragraphs 1-3 together with the following:.

     A.     **Interrogatories.**  Each side may serve up to twenty-five (25) interrogatories.

     B.     **Requests for Admission**.  Each side may serve an unlimited number of requests for admission seeking to establish the authenticity or admissibility of documents. All requests seeking to establish authenticity or admissibility shall clearly be identified as such, and the parties shall attempt to seek stipulations regarding the authenticity of documents.  Additionally, each side may serve up to thirty (30) requests for admission that are not related to the authenticity or admissibility of documents.

     C.     **Fact Depositions of Parties and Third Parties.**  Each side is limited to 70 hours of deposition testimony.  These time limits shall not apply to expert depositions, and expert deposition time shall not count against these limits.  For expert depositions, the time limitations set forth in Section 4.D. shall apply to depositions regarding such expert testimony, and such deposition time will not count against the 70 hours allotted under this Section.

     D.     **Expert Depositions.**  Each side may depose the opposing side's expert(s) for no more than seven (7) hours per expert report.

5.    **Electronically Stored Information (ESI)**.  Pursuant to Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure, the parties identify the following accessible and inaccessible ESI:

     A.     **Accessible ESI:**  Reasonably accessible sources of ESI include electronic documents stored on computer networks, shared network drives, workstation or laptop hard drives, portable drives/media, including external hard drives, zip

drives, CD-ROM and DVD disks, and USB Flash Drives/JumpDrives. Additionally, although searches of Defendant's complete network storage is unreasonable, targeted collections of specific network locations that may contain relevant data to be reviewed for responsive data are reasonable and each party will conduct a reasonably diligent search of those specific network locations in which it has reason to believe ESI responsive to discovery requests may be found.

The parties anticipate that some limits on the terms of (1) email discovery and (2) discovery of ESI stored on workstation or laptop hard drives, portable drives/media, including external hard drives, zip drives, CD-ROM and DVD disks, and USB Flash Drives/JumpDrives may be necessary in a case of this size and complexity.   The parties agrees to confer in good faith concerning the terms of such ESI discovery (to the extent such discovery will need to be handled differently than other ESI) before involving the Court.  If, after conferring in good faith, the parties cannot agree on the terms of such ESI discovery, then they agree to jointly present their alternative positions to the Court in simultaneous submissions limited to 10 pages for each party (not including declarations or other attachments).

B.     **Inaccessible ESI:**  Contingent upon each party's compliance with the obligations set forth in above, the parties agree that the circumstances of this case do not warrant the preservation, review, or production of ESI that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources.  Moreover, that remote possibility is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from these sources.  The parties agree that the following ESI is not reasonably accessible:

(1)     Voicemail;

(2)     Backup Tapes;

(3)     Instant Messaging;

(4)     Legacy Data;

(5)     Residual, fragmented, damaged, permanently deleted slack and un-allocated data;

(6)     Handheld PDA-type devices; and

(7)     metadata.

Nothing in this section, however, shall relieve a party of its obligation to preserve and produce ESI, regardless of medium or source, including backup tapes and

4

legacy data, that the party knows or has reason to believe is relevant to a claim or defense in this action.

To the extent that any party requests additional documents that fall under the category of inaccessible ESI, the parties agree to meet-and-confer in good faith regarding whether the Requesting party has good cause to require such documents in light of the considerations listed in Federal Rule of Civil Procedure 26(b)(2)(C)(i)-(iii).  Should the parties be unable to agree regarding the requested production of additional documents that fall under the category of inaccessible ESI, and the Court ultimately orders the production of such documents, the costs of the collection and production will shift to the requesting party.

6.    **Format of Production:**  The parties agree that documents maintained in electronic form in a party's ordinary course of business shall be produced in *.tiff format on a CD-ROM or USB hard drive with a load file in Summation, Concordance, I-Connect (or any other COTS document management product reasonably requested), except as otherwise provided for herein.  The load file shall include the beginning and ending Bates number of each document.  The parties agree, however, to produce spreadsheets including Excel spreadsheets in native format.  The parties may produce certain other documents in native format that do not produce well as .tiff images.

The parties will also exchange OCR files for all .tiff documents produced in Concordance, iPro, or any other COTS document management product reasonably requested.  The parties will not be required to produce OCR files for such documents where generating OCR files would be unduly burdensome, such as with large image files or non-text-renderable files.  Should the parties be unable to agree as to whether to produce OCR files for a particular category of documents, the parties agree meet-and-confer in good faith regarding whether such OCR files shall be produced in light of the considerations listed in Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

In any situations where the production of *.tiff images is economically or technically unreasonable or not practical due to the volume of ESI requested and identified as responsive or technical difficulties associated with converting the ESI to *.tiff the parties agree to meet-and-confer in good faith regarding whether an alternative form of production, such as native format, is necessary or appropriate under the particular circumstances.

To the extend source code is produced in this case, source code will be produced in accordance with the provisions of a Protective Order to be entered by the Court.

7.    **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents

or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  A party is not obligated to include on its privilege log any privileged information or communications that was created or occurred after the filing date of this litigation (August 13, 2009).  A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

In addition, Plaintiff shall not be required to log any privileged documents that were sent to or from, or created by, outside litigation counsel during the course of the litigations involving the patent at issue in this case.  Plaintiff shall provide Defendant with a description of the nature and types of documents (including categorical descriptions of the authors, senders and/or recipients of such documents) that were created by in-house counsel, employees, or consultants of Plaintiff specifically for purposes of these litigations, and the parties shall thereafter meet and confer regarding whether Plaintiff shall be obligated to log any such documents to which it asserts a claim of work product protection.

8.   **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

A.   The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

B.   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

C.   An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules

402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

9.     **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

10.    **Exchange of Disclosures.**  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

11.    **Notification of the Court.**  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

12.    **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

13.    **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

14.    **Discovery Disputes.**  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

15.    **Discovery Conferences.**  Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

16.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

17.     **Protective Orders.**  A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order."  A party may request that the Court issue the Protective Order. However, a party may propose to modify the terms of the Protective Order for good cause.  The Court authorizes the parties to file any document that is subject to a protective order under seal.

18.     **Courtesy Paper Copies.**  Paper copies will not be accepted by this Court unless specifically requested.

19.     **Hearing Notebooks.**  With the exception of providing notebooks to the appointed technical advisor, hearing notebooks are no longer required or requested.  However, the Court may request hearing notebooks in specific instances.

       **So ORDERED and SIGNED this 25th day of March, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**