# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

KLAUSNER TECHNOLOGIES, INC.,
a New York corporation,

        Plaintiff,

    vs.

QWEST COMMUNICATIONS
CORPORATION, a Delaware corporation;
QWEST CORPORATION, a Delaware
corporation; YAHOO! INC., a Delaware
corporation; PANASONIC CORPORATION
OF NORTH AMERICA, a Delaware
corporation; RIBBIT CORPORATION, a
Delaware corporation; SPINVOX LIMITED,
an English corporation; and OOMA, INC., a
Delaware corporation; AVAYA, INC., a
Delaware corporation; CISCO SYSTEMS,
INC., a California corporation,

        Defendants.

CASE NO.  6:09cv232-LED

**Demand for Jury Trial.**

### Plaintiff Klausner Technologies, Inc.'s Opposition to Defendant Cisco Systems, Inc.'s Motion to Transfer

# **TABLE OF CONTENTS**

I.      INTRODUCTION. ........................................................................................................1

II.     ARGUMENT. ..............................................................................................................1

        A.      Public-Interest Factors. ...................................................................................1

                1.      Judicial economy strongly weighs against transfer.....................................2

                2.      The administrative difficulties flowing from court congestion slightly
                        weigh against transfer. ................................................................................8

                3.      The local interest in having localized interests decided at home
                        slightly favors transfer. ..............................................................................8

                4.      The (a) familiarity of the forum with the law that will govern the
                        case is neutral, and (b) the avoidance of unnecessary problems of
                        confict of laws or in the application of foreign law is neutral. ...................9

        B.      Private-Interest Factors. ..................................................................................9

                1.      The relative ease of access to sources of proof is neutral. ..........................9

                2.      The cost of attendance for willing witnesses slightly favors transfer..........9

                3.      The availability of compulsory process to secure the attendance of
                        witnesses is neutral. ..................................................................................10

                4.      All other practical problems that make trial of a case easy,
                        expeditious, and inexpensive slightly weigh against transfer....................11

        C.      The Balance of Private and Public Interests Precludes Transfer. ..........................11

III.    CONCLUSION..............................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Colorquick, L.L.C. v. Vistaprint Ltd. et al.*,
No. 6:09-cv-323 (E.D. Tx.)..................................................................................12

*Continental Grain Co. v. The FBL-585*,
364 U.S. 19 (1960)..........................................................................................3

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010).............................................................13

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009).............................................................8, 13

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009).............................................................8, 13, 14

*In re Morgan Stanley*,
2011 U.S. App. LEXIS 7172  (Fed. Cir. Apr. 6, 2011) ...........................15

*In re Nintendo Co.*,
589 F.3d 1194, 1198 (Fed. Cir. 2009)....................................................11, 13

*In re TS Tech United States Corp.*,
551 F.3d 1315 (Fed. Cir. 2008)...............................................................13

*In re Verizon Business Network Servs., Inc.*,
635 F.3d 559 (Fed. Cir. 2011).................................................................14

*In re Vistaprint Ltd.*,
628 F.3d 1342 (Fed. Cir. 2010)................................................2, 6, 12, 13

*In re Volkswagen of Am., Inc.*,
566 F.3d 1349 (Fed. Cir. 2009)..............................................................2, 6

*In re Volkswagen of America, Inc.*,
545 F.3d 304 (5th Cir. 2008) ...........................................................1, 9, 10

*In re Zimmer Holdings, Inc.*,
609 F.3d 1378 (Fed. Cir. 2010),..................................................................................14

*j2 Global Commc'ns., Inc. v. Protus IP Solutions, Inc.*,
2008 U.S. Dist. LEXIS 103609 (E.D. Tex. Dec. 23, 2008)....................................2, 3

*Klausner Techs., Inc. v. Alcatel-Lucent USA, Inc. et al.*,
6:11-cv-231-LED (E.D. Tx.) ..........................................................................................3

*Klausner Techs., Inc. v. Apple, Inc. et al.*,
2:07-CV-525-DF (E.D. Tx.) .......................................................................................2, 3

*Klausner Techs., Inc. v. Research in Motion Corp. et al.*,
6:09-cv-527-LED-JDL (E.D. Tx.) ..............................................................................3, 4

*Klausner Techs, Inc. v. Verizon Wireless et al.*,
6:08-cv-341-LED-JDL (E.D. Tx.) ..................................................................................2

*Klausner Techs., Inc. v. Vonage Holdings Corp. et al.*,
2:06-cv-00275-LED-JDL (E.D. Tx.) ..........................................................................3, 7

*Logan v. Hormel Foods Corp.*,
2004 U.S. Dist. LEXIS 30327 (E.D. Tex. Aug. 25, 2004) ........................................2, 4

*Markman v. Westview Instruments*,
517 U.S. 370 (U.S. 1996)...............................................................................................4

*Mymail, Ltd. v. Am. Online, Inc.*,
223 F.R.D. 455 (E.D. Tex. 2004).....................................................................................4

*Norman IP Holdings, LLC v. Casio Computer Co.*,
2010 U.S. Dist. LEXIS 114408 (E.D. Tex. Oct. 27, 2010) .........................................11

*NovelPoint Learning LLC v. LeapFrog Enters.*,
2010 U.S. Dist. LEXIS 128906 (E.D. Tex. Dec. 6, 2010).........................................10

*Orinda Intellectual Props. United States Holding Group, Inc. v. Sony Computer Entm't Am. Inc.*,
   2009 U.S. Dist. LEXIS 98881 (E.D. Tex. Sept. 29, 2009) ........................................................8

*Quad/Tech Inc. v. Q.I. Press Controls*,
   2010 U.S. Dist. LEXIS 121063 (N.D. Cal. Nov. 15, 2010).......................................................5

*Realtime Data, LLC v. Morgan Stanley et al*.,
   No. 6:09-cv-326-LED-JDL (Mar. 18, 2010) ...........................................................................15

*Sipco, LLC v. Control4 Corp.*,
   2011 U.S. Dist. LEXIS 12435 (E.D. Tex. Feb. 8, 2011) .......................................................2, 9

*Sri Int'l v. Matsushita Elec. Corp*.,
   775 F.2d 1107 (Fed. Cir. 1985)................................................................................................6

*U.S. Ethernet Innovations, LLC v. Acer, Inc*.,
   2010 U.S. Dist. LEXIS 69536 (E.D. Tex. July 13, 2010) .........................................................4

**Introduction**

A party seeking transfer of venue must demonstrate that the proposed transferee venue is "clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Defendant Cisco Systems Inc. ("Cisco") failed to meet this burden.

In this case, judicial efficiency strongly weighs against transfer for the following reasons:

(1) This Court's experience with the patent at issue in this case – U.S. Patent No. 5,572,576 ("'576 Patent") – and the underlying voicemail technology dates back to 2006 and has continued, without interruption. In particular, this Court became familiar with the technology and claims of the '576 Patent when it construed key terms of claims asserted in this action.

(2) This suit is one of three currently pending before this Court alleging infringement of the same patent by the same voicemail technology. As a result, dividing these three cases among different judges in different districts would unnecessarily create duplicative work.

(3) Splitting these three cases could not only result in inconsistencies with respect to issues such as claim construction and validity, but could result in findings that the exact same alleged instances of infringement both infringe and do not infringe the '576 Patent.

Set against this compelling factor of judicial economy are some conveniences of the transferee venue – in particular, the location of five Cisco witnesses. Because any conveniences gained in transferring this action would be more than offset by a significant loss in judicial efficiency, Cisco's motion should be denied.

**Argument**

**A. Public-Interest Factors**

Judicial economy strongly weighs against transfer. All other public-interest factors moderately oppose or support transfer or are neutral.

**1. Judicial economy strongly weighs against transfer.**

"[C]ourts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).[1] Here, judicial economy strongly weighs against transfer for three reasons.

*First*, transferring this case would fail to capitalize on this Court's familiarity with the asserted patent and the underlying technology, as evidenced by a prior *Markman* hearing and claim construction order.  It is a waste of time and resources for a second court to become familiar with the underlying technology and claims of a patent when a first court already developed that familiarity.  *See* Volkswagen, 566 F.3d at 1351 ("[S]ignificant overlap and a familiarity with the patents could preserve time and resources."); *Sipco, LLC v. Control4 Corp.*, 2011 U.S. Dist. LEXIS 12435, at *6 (E.D. Tex. Feb. 8, 2011) ("[G]ains may be realized where a court has become familiar with the technical subject matter by presiding over previous cases."); *Logan v. Hormel Foods Corp.*, 2004 U.S. Dist. LEXIS 30327, at *7 (E.D. Tex. Aug. 25, 2004) (describing prospective construction of claims that had already been construed by another court as a "duplicative use of scarce judicial resources").

Here, through a series of six cases that were or are pending before this Court,[2] the Court has become familiar with the '576 Patent, including the underlying technology and its claims. Specifically, in 2007, Magistrate Judge Love became familiar with the '576 Patent when he

---

[1]     *See also In re Volkswagen of Am., Inc*., 566 F.3d 1349, 1351 (Fed. Cir. 2009) (describing the existence of multiple lawsuits involving the same issues as "a paramount consideration when determining whether a transfer is in the interest of justice"); *j2 Global Commc'ns., Inc. v. Protus IP Solutions, Inc*., 2008 U.S. Dist. LEXIS 103609, at *17 (E.D. Tex. Dec. 23, 2008) ("If the overlap between cases is substantial, then transferring the cases to a single judge may increase judicial economy").

[2]     In addition to the three suits currently pending before this Court, three other cases involving the '576 Patent were previously before this Court.  *Klausner v. Vonage*, 2:06-cv-275-LED-JDL (E.D. Tx.); *Klausner v. Apple*, 2:07-cv-525-LED-JDL (E.D. Tx.); and *Klausner v. Verizon*, 6:08-cv-341-LED-JDL (E.D. Tx.).

issued a 23-page claim-construction order.  *Klausner v. Vonage*, 2:06-cv-275-LED-JDL (E.D. Tx. Aug. 7, 2007) (D.I. 116) (Exhibit A).  That order was unsuccessfully appealed to Judge Davis.  D.I. 129 (Exhibit B).  In fact, based on the Court's familiarity with the '576 Patent resulting from its prior construction of the claims, a related case was re-assigned to this Court.  In *Klausner v. Apple*, No. 2:07-cv-525-DF (E.D. Tx.), Judge Folsom transferred Klausner's infringement action involving the '576 Patent to this Court.  D.I. 76 (Exhibit C).  Although the order does not elaborate on the reasons for the transfer, minutes from the preceding day's status conference make clear that judicial economy was the motivating factor.  In particular, Judge Folsom learned during the status conference that Magistrate Judge Love previously construed claims of the '576 Patent in the *Vonage* case.  D.I. 74 (Exhibit D).

*Second*, maintaining this case in this Court will avoid a waste of time and resources in the future resulting from duplicative work.  *See Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *j2 Global Communications,* 2008 U.S. Dist. LEXIS 103609, at *17 (E.D. Tex. Dec. 23, 2008) ("If the overlap between cases is substantial, then transferring the cases to a single judge may increase judicial economy.").

This suit is one of three brought by Klausner currently pending before this Court asserting infringement of the '576 Patent.  The other two pending cases are:

(1) *Klausner  v. Research in Motion* (6:09-cv-527) in which Klausner is asserting the '576 Patent against the Texas-based defendant Research in Motion; and

(2) *Klausner v. Alcatel-Lucent* (6:11-cv-231) in which Klausner is asserting the '576 Patent against 22 defendants.

If this case were transferred to the Northern District of California, both this Court, and the district court in the transferee district, would be required to perform duplicative tasks, such as:

- construing the same claims;

- ruling on precisely the same validity arguments (*compare* Cisco's answer in this case (D.I. 69) ("Cisco Answer") at 5 (asserting invalidity defense) *with* RIM's answer in *Klausner v. Research in Motion*, 6:09-cv-527 (E.D. Tx. Mar. 11, 2011) ("RIM Answer") (Exhibit E) at ¶ 24 (asserting precisely the same invalidity defense with respect to the '576 Patent)); and

- ruling on the same prosecution history estoppel arguments (*compare* Cisco Answer at 6 (asserting defense of prosecution history estoppel) *with* RIM Answer at ¶ 28 (asserting defense of prosecution history estoppel)).

*Third*, transferring this case could lead to inconsistencies, for example:

- This Court, and the court in the proposed transferee district, could construe the claims of the '576 Patent differently, which could result in inconsistent validity and infringement findings. "[T]he risk of inconsistent claim constructions is an important consideration when assessing the importance of judicial economy in transfer analysis." *U.S. Ethernet Innovations, LLC v. Acer, Inc.,* 2010 U.S. Dist. LEXIS 69536, at *33 (E.D. Tex. July 13, 2010).[3]

- This Court, and the court in the proposed transferee district, could make inconsistent validity findings. For example, while this Court could find that a claim is indefinite or invalid over a

---

[3]     *See also Mymail, Ltd. v. Am. Online, Inc*., 223 F.R.D. 455, 458 (E.D. Tex. 2004) ("Besides being a duplicative use of scarce judicial resources, two claim constructions risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice."); *Logan,* 2004 U.S. Dist. LEXIS 30327, at *5 (Davis, J.) ("The prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible."). *Cf. Markman v. Westview Instruments*, 517 U.S. 370, 390 (U.S. 1996) (describing "the importance of uniformity in the treatment of a given patent" as a rationale for the creation of the Federal Circuit and as "an independent reason to allocate all issues of construction" to a court as opposed to a jury).

specific prior art reference, the proposed transferee court could determine that same claim to be valid. *See Quad/Tech Inc. v. Q.I. Press Controls*, 2010 U.S. Dist. LEXIS 121063, at *6 (N.D. Cal. Nov. 15, 2010) (stating that adjudications by different courts of "common issues of infringement and validity…create a risk of inconsistent rulings").

- This Court, and the court in the proposed transferee district, could find that the exact same instance of infringement both infringes and does not infringe the '576 Patent.  The problems posed by inconsistent rulings are uniquely acute in this case based on the nature of the technology and the defendants' contribution to an end user's infringement.  A defendant can contribute to an end user's direct infringement of the asserted claims of the '576 Patent by providing (a) a specially designed message store that stores voicemail messages, or (b) "remote access devices" (*e.g.*, cell phones) that visually display voicemail messages to the end user.  An end user could implement the claimed invention using a message store provided by the defendant in this case (*e.g.*, a Cisco message store) and a cell phone from a defendant in one of the other two cases pending in this Court (*e.g.*, cellular phones manufactured by Texas-based Research in Motion).  Accordingly, if this case were transferred, the Texas and California courts could reach inconsistent judgments regarding the exact same instance of infringement by the same end user—the exact same action could be found simultaneously to infringe and not to infringe the '576 Patent.[4]

Cisco makes three arguments as to why "no judicial economy concerns weigh against the convenience of litigating in California."  Mot. at 14.  Each fails and is addressed in turn.

*First*, Cisco's argument that "this Court has no special experience with the relevant

---

[4]    Cisco argues that the types of infringement asserted in this case and in the pending, related cases are not similar.  Mot. at 15 (questioning whether "common issues exist between the cases").  Cisco is incorrect.  As noted above, this case and the co-pending case not only involve similar infringement, they can include the exact same instances of infringement.

technology" (Mot. at 1) fails.  This Court became familiar with the relevant technology when it construed the claims of the '576 Patent.  Cisco, however, suggests that "no judicial economy" would be gained because the prior claim construction by this Court involved "different defendants, different accused products, and only a subset of the claims asserted in this case."  Mot. at 14.  Specifically, Cisco argues that because the alleged infringement is different, "these differences will impact the proposed claim constructions."  *Id.*   Cisco's argument ignores that claims are to be construed independent of these differences (*i.e.*, different defendants and different accused products).  *Sri Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (*en banc*) ("[C]laims are not construed 'to cover' or 'not to cover' the accused device.  That procedure would make infringement a matter of judicial whim.  It is only after the claims have been construed without reference to the accused device that the claims, as so construed, are applied to the accused device to determine infringement.").  As a result, the Federal Circuit has held that efficiencies may be realized even when cases do "not involve precisely the same issues," provided that there is "significant overlap and a familiarity with the patents."  *Volkswagen*, 566 F.3d at 1351.  *See also Vistaprint*, 628 F.3d at 1344 (denying mandamus petition to transfer "even if trying these two related cases before the same court may not involve the same defendants and accused products").

*Second*, Cisco argues that there would be no loss of judicial efficiency if this case were transferred because this Court only construed certain terms of the '576 Patent:  "Importantly, Judge Love only construed certain terms in claims 3 and 4 of the '576 Patent.  Here, Klausner is asserting additional claims that the Court has not previously construed."  Mot. at 4. n.2.  This argument fails for three reasons:

(1)  Cisco cannot dispute that, with respect to the two overlapping claims of the '576

Patent (claims 3 and 4), there are judicial efficiencies in having this case proceed in this Court.

(2)  Although this case also involves claims 18 and 19 of the '576 Patent that were not addressed in the prior claim construction order, there is a significant overlap between the terms to be construed in the previously asserted claims (3 and 4) and the other asserted claims (18 and 19).  As a result, this Court already construed key terms and phrases that appear in claims 18 and 19, including "automatically answering incoming telephone calls," "telephone answering device," "corresponding voice message," and "coupled to a telephone."  *See Klausner v. Vonage*, No. 2:06-cv-275 (E.D. Tx. Aug. 7, 2007) (claim construction opinion and order) (Exhibit A).

(3)  Cisco ignores the fact that if this case were transferred, both this Court and a district court in the Northern District of California would still be required to perform duplicative tasks construing the same claim terms in each court's pending cases.

*Third*, Cisco argues that the other pending cases involving infringement of the same patent pending in this Court do not support a transfer because "nothing suggest that cases will ever proceed to the merits" based on Klausner's litigation history.  Mot. at 15.  But rather than supporting Cisco's motion, this argument actually undermines it.  In its motion, Cisco's fundamental argument for asserting that this motion should be granted is the reduced costs and convenience for its six party witnesses associated with attending a trial in California rather than in Texas.  *See, e.g.*, Mot. at 11 ("Transfer analysis must weigh travel burden and disruption to work and family of the people who must come to trial.").  But if Cisco's argument is correct – that Klausner's ligation history demonstrates that this case (as well as the other pending cases) will never "proceed to the merits" (let alone trial) – then Cisco's argument for asserting that this case should be transferred to the Northern District of California evaporates.  If there will never be a trial, then one need not be concerned about conveniences for a witness at trial.

\*      \*      \*

Judicial economy strongly weighs against transfer because transfer would (1) fail to take advantage of this Court's familiarity with the patent and underlying technology, (2) burden multiple courts with duplicative work on co-pending cases involving the same patent, and (3) risks creating inconsistent findings and judgments.

### 2. The administrative difficulties flowing from court congestion slightly weigh against transfer.

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).[5] For patent cases in the Northern District of California, the average time to trial is approximately 40% longer than in the Eastern District of Texas (35 months compared to 25.6 months).[6] Cisco asserts that "this Court has previously concluded that this factor is neutral with respect to transfer from to [sic] the Northern District of California." Mot. at 12 (citing *Orinda Intellectual Props. United States Holding Group, Inc. v. Sony Computer Entm't Am. Inc.*, 2009 U.S. Dist. LEXIS 98881 (E.D. Tex. Sept. 29, 2009) (Everingham, M.J.)). But that factor was found neutral because "[t]he parties have not argued that either this district or the transferee district has a more congested docket or offers an earlier trial date." *Id*. at \*9.   In contrast, Klausner cites evidence that this district offers an earlier trial date than the transferee venue.

### 3. The local interest in having localized interests decided at home slightly favors transfer.

Insofar as Cisco's accused products originate in Northern District of California (Mot. at

---

[5]      *See also Hoffmann*, 587 F.3d at 1336 (favoring venue where "the district's less congested docket suggests that the Eastern District of North Carolina may be able to resolve this dispute more quickly.").

[6]      Mark A. Lemley, Where to File Your Patent Case, AIPLA Quarterly Journal, Fall 2010, at 5, 17-18, *available at* http://papers.ssrn.com/so13/papers.cfm?abstract_id=1597919

13), that district has a local interest in this litigation.  As discussed below (*see* Section C),

however, the Federal Circuit recently confirmed that a strong argument in favor of judicial

economy outweighs the local interest of a venue that is the source of an infringing product.

> **4. The (a) familiarity of the forum with the law that will govern the case is neutral, and (b) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law is neutral.**

Klausner agrees with Cisco (Mot. at 13) that these factors are neutral.


## B. Private-Interest Factors

While the cost of attendance for willing witnesses slightly favors transfer, all other

private-interest factors weigh against or are neutral concerning transfer.

> **1. The relative ease of access to sources of proof is neutral.**

Both Klausner and Cisco agree that the sources of proof that would be relevant to this

factor consist only of documents.  *Contrast Volkswagen*, 545 F.3d at 317 (describing car

"wreckage and all other evidence" in transferee forum as factor in favor of transfer).  As this

Court held, "[t]o the extent that a party has admitted that most of their documents are maintained

electronically, the physical location of the documents may be largely irrelevant to a transfer

analysis under § 1404."  *SIPCO,* 2011 U.S. Dist. LEXIS 12435, at *7 n.2.  According to Cisco,

"all relevant documents are accessible electronically . . . . By agreement of the parties, Cisco's

document production will consist of relevant electronically stored information."  Mot. at 6.

Accordingly, as Cisco also acknowledges, these documents' "physical 'location' is irrelevant,

because electronic documents are stored on servers and may be accessed at many places at once,

making their location ephemeral."  Mot. at 10.

> **2. The cost of attendance for willing witnesses slightly favors transfer.**

Certain witnesses identified by Cisco would find the Northern District of California more

convenient that the Eastern District of Texas, although the Eastern District is more convenient for several of Klausner's witnesses.  Five out of seven of the employees identified by Cisco in its initial disclosures work in the Northern District of California.  Mot. at 6.  It would therefore be less costly for these witnesses to attend trial in the proposed transferee district.  But Klausner's anticipated testifying expert regarding the validity and infringement  –  Dr. James Knox – is located in Austin, TX, which is significantly closer to the Eastern District of Texas than to the Northern District of California.  Klausner expects that Dr. Knox will be a key witness at trial. Declaration of Sean Luner, dated May 23, 2011, ¶ 2.

### 3. The availability of compulsory process to secure the attendance of witnesses is neutral.

This factor weighs in favor of transfer when specific, non-party witnesses fall outside of the subpoena power of the transferor forum and under the subpoena power (for both depositions and trial) of the transferee forum.  *Volkswagen*, 545 F.3d at 316.  But Cisco fails to identify any third-party witnesses.  Instead, it merely speculates that such third-party testimony may be necessary.  Mot. at 6 ("should the parties need testimony from former Cisco employees").  This vagueness is inadequate to warrant weighing this factor in favor of transfer.  *See NovelPoint Learning LLC v. LeapFrog Enters.*, 2010 U.S. Dist. LEXIS 128906, at *15, *18 (E.D. Tex. Dec. 6, 2010) (Love, M.J.) ("[G]eneral statements about the location of personnel or employees are inadequate…. Because the Court will not base its conclusions on unidentified witnesses, neither district has the ability to exercise subpoena power in this case."); *Norman IP Holdings, LLC v. Casio Computer Co.*, 2010 U.S. Dist. LEXIS 114408, at *13-*14 (E.D. Tex. Oct. 27, 2010) ("[T]he Court cannot conduct any meaningful analysis of . . . whether any district might have absolute subpoena power over any non-party witnesses" where "[d]efendants do not even hint at the number of [non-party] witnesses.").  The availability of compulsory process to secure the

attendance of witnesses favors neither district because the Court cannot base its transfer analysis on unidentified witnesses and vague assertions.

>    **4.  All other practical problems that make trial of a case easy, expeditious, and inexpensive slightly weigh against transfer.**

This factor slightly weighs against transfer because transferring this case will reward Cisco for belatedly filing this motion.  Cisco filed this motion almost 21 months after it was named as a defendant.  There is no valid reason for Cisco to have waited until this late point to file its Motion.  Although Cisco is now the only remaining defendant, throughout this lawsuit, three other defendants were based in the Northern District of California.  Furthermore, Cisco waited to file this Motion until approximately 2 ½ months after all other remaining defendants announced at the February 2011 Status Conference that they settled.  *See Norman IP Holdings*, 2010 U.S. Dist. LEXIS 114408, at *19 ("Defendants' delay in bringing this motion to transfer approximately five months after Defendants answered and nearly seven months after Defendants were served, transfer would unnecessarily prejudice Plaintiff and delay this case by upsetting claim construction hearing deadlines.").[7]

>    **C.  The Balance of Private and Public Interests Precludes Transfer.**

Transfer may be appropriate where there is "a stark contrast in relevance, convenience, and fairness between the two venues" and in favor of the transferee venue.  *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  The analysis of the private and public interest factors set forth above demonstrates that no such stark contrast in favor of the transferee forum exists here. Judicial economy strongly weighs against transfer, and administrative difficulties and other

---

[7]    Cisco argues that Klausner has not demonstrated an "urgency to litigate on the merits" because Klausner did not oppose defendants' requests for extensions of time to answer.  Mot. at 2 & 6.  But Klausner expeditiously resolved its claims against seven defendants through settlement.  Cisco does not suggest that Klausner would have reached a faster, final resolution of its claims against these defendants through litigation.

practical problems further oppose transfer.  These factors outweigh any advantages of transferring that would be motivated by concerns for local interests or the location of some party witnesses in the Northern District of California.

The Federal Circuit recently confirmed that a strong interest in judicial economy prevents transfer, despite the existence of convenience factors favoring the transferee forum.  In *VistaPrint*, the transferor forum presented judicial economy comparable to that present in this case but the transferee forum's convenience factors were stronger than here.  Because the Federal Circuit confirmed that transfer was not appropriate in Vistaprint, transfer is, *a fortiori*, not appropriate in this case.

In *Vistaprint*, several convenience factors favored transfer.  The transferee venue was more convenient for defendant's witnesses and also more accessible to the storage site of defendant's relevant documents.  628 F.3d at 1343.  In particular, the defendant alleged that the bulk of documents and other sources of proof were located in the proposed transferee district and that there were no relevant witnesses in Texas.  *Colorquick, L.L.C. v. Vistaprint Ltd. et al*., No. 6:09-cv-323 (E.D. Tx. Nov. 6, 2009) (motion to change venue) at 7-11.  Accordingly, the argument in favor of transfer was stronger in *Vistaprint* than in the instant case because (1) access to sources of proof favored transfer, whereas that factor is neutral in this case, and (2) at least one of Klausner's key witnesses is located in Texas making this district more convenient for this witness.  *See* Sections B(1)-(2) above.

In *Vistaprint* (as in the instant case) the efficiencies associated with judicial economy outweighed any convenience factors.  First, *Vistaprint* involved prior litigation involving the same patent that resulted in a claim-construction opinion before the case settled.  628 F.3d at 1344.  *See also Colorquick*, (E.D. Tx. March 23, 2010) (opinion and order denying motion to

transfer).  Similarly, this case was preceded by litigation involving the same patent that resulted

in a claim-construction opinion before the case settled.  Second, *Vistaprint* involved a "co-

pending case before the court between the plaintiff and another defendant involving the same

patent-in-suit, pertaining to the same underlying technology."  *Id.* at 1344.  Klausner's argument

against transfer is stronger than that in *Vistaprint* insofar as Klausner has two co-pending cases

before the same court involving the same patent and underlying technology.  In *Vistaprint*,

judicial economy tipped the balance against transfer, with the Federal Circuit holding that "it was

not plainly incorrect to conclude that having the same magistrate judge handle this and the co-

pending case involving the same patent would be more efficient than requiring another

magistrate or trial judge to start from scratch."  *Id.*  The Federal Circuit further held that "even if

trying these two related cases before the same court may not involve the same defendants and

accused products, it does not appear on its face erroneous to conclude that maintaining these two

cases before the same court may be beneficial from the standpoint of judicial resources."  *Id.*

Conversely, when cases have been transferred by the Federal Circuit to a venue that is

more convenient for witnesses, the argument in favor of judicial economy was much weaker than

in the present case (or non-existent).  In those cases, the transferor venue had not previously

construed any claims and there were no co-pending litigations by the same plaintiff over the

same patent.  *See In re Acer Am. Corp.*, 626 F.3d 1252 (Fed. Cir. 2010); *In re Nintendo Co.,* 589

F.3d 1194 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech

United States Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Hoffmann-La Roche Inc.*, 587 F.3d

1333 (Fed. Cir. 2009).  The Federal Circuit observed in *Nintendo*, *TS Tech*, and *Genentech* that

"considerations of judicial administration/judicial economy were neutral or were otherwise

inapplicable to the outcome of the petition."  *Vistaprint*, 628 F.3d at 1344.  Similarly, "in

13

*Hoffmann*, the court was presented with a case where there was no evidence that judicial economy favored venue in the Eastern District of Texas."  587 F.3d at 1345.

Even in those cases addressed by the Federal Circuit in which there existed a claim construction and/or co-pending litigation, the argument in favor of judicial economy was not as strong as in the instant case and the transferee venue was far more convenient than here.  For example, in *In re Verizon Business Network Servs., Inc.*, 635 F.3d 559 (Fed. Cir. 2011), the argument in favor of judicial economy was weaker than in this case because there was no co-pending litigation involving the same patent.  The Federal Circuit emphasized this lack of co-pending litigation when granting the mandamus petition.  *Id*. at 562 ("In this case, there is no assertion that there is an additional pending lawsuit in the Eastern District involving the patent and technology."); *id*. ("Absent that [*i.e.*, a co-pending suit], we deem the Eastern District's previous claim construction in a case that settled more than five years before the filing of this lawsuit to be too tenuous").   In fact, in distinguishing *Verizon* (where transfer was ordered) from *Vistaprint* (where transfer was denied), the absence of a co-pending suit in *Verizon* and its presence in *Vistaprint* was the sole difference mentioned.  *Id*.

Similarly, in *In re Zimmer Holdings, Inc*., 609 F.3d 1378 (Fed. Cir. 2010), the argument in favor of judicial economy was weaker than in this case.  In *Zimmer* (and in contrast to this case), there was no prior claim construction by the transferor court.  Co-pending cases in *Zimmer* were more distinct than the multiple, overlapping cases by Klausner.[8]   In contrast, the prior case in which this Court issued a claim construction involved the same patent at issue in the current litigation; and all co-pending cases before this Court involve the same patents.

_____

[8]     In *Zimmer*, one case involved (1) "two patents related to hip implants," and (2) "four patents related to shoulder implants."  The other case involved (1) "nine patents related to knee implants," and (2) "a single patent related to shoulder implants."  Only one of the sixteen patents was common to both co-pending cases.  *Id*. at 1382.

Finally, in *In re Morgan Stanley*, 2011 U.S. App. LEXIS 7172 (Fed. Cir. Apr. 6, 2011), the argument in favor of judicial economy was also weaker than in this case, and the convenience offered by the transferee forum was greater than here.  In *Morgan Stanley*, only two of the four patents at issue had previously been the subject of a claim construction in the Eastern District of Texas.  *Realtime Data, LLC v. Morgan Stanley et al.*, No. 6:09-cv-326-LED-JDL (Mar. 18, 2010) (opinion and order denying motion to transfer).  There is no indication that the additional two patents would have benefitted from the terms analyzed in the prior claim construction.  In contrast, Klausner's current suits involve the same patent whose terms were previously construed by this Court.  Moreover, in *Morgan Stanley*, convenience strongly favored the transferee forum because that is where the plaintiff and twenty-seven defendants were headquartered in or near.  *Id.* at *2.  In contrast, neither Klausner nor other relevant plaintiff witnesses are located in the transferee forum – and there are not twenty-seven defendants headquartered in the Northern District of California.  Mot. at 6.

The recent cases discussed above involved judicial-economy arguments far weaker than those present here.  Accordingly, those cases do not support transfer of this case.

## Conclusion

To prevail, Cisco must demonstrate that the Northern District of California is clearly more convenient than the Eastern District of Texas.  Cisco failed to meet its burden. Accordingly, Cisco's motion to transfer venue should be denied.

Dated:  May 23, 2011                    Respectfully submitted,


By:   */s/ Sean Luner*
         Sean A. Luner
         State Bar No. 165443
         Dovel & Luner, LLP
         201 Santa Monica Blvd., Suite 600

Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
Email:  greg@dovellaw.com

T. John Ward, Jr.
State Bar No. 00798108
Ward & Smith Law Firm
11 W. Tyler St.
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
Email:  jw@jwfirm.com

Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com


ATTORNEYS FOR PLAINTIFF,
KLAUSNER TECHNOLOGIES, INC.

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 23rd day of May, 2011.

/s/ Sean Luner
Sean Luner